RECEIVED
AUG - 9 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LaANTHONY CLE'TAE CAIN | CIVIL ACTION NO. 1:12-CV-574 |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* petitioner LaAnthony Cain a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on March 2, 2012, which remained deficient until the filing fee was paid on April 30, 2012. Cain is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at the Federal Correctional Institution at Pollock, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### *Factual Background*

In January of 2006, Cain was charged with conspiracy to distribute 50 grams or more of crack cocaine and an unspecified amount of powder cocaine. [*U.S. v. Cain*, 4:06-cr-3014 Doc.#75]. Cain entered a plea of not guilty. Both sides waived a jury trial.[1] During the 2 day non-jury trial, the government presented

---

[1] Cain's waiver was based on letter that Cain had written to the district judge explaining that Cain

seven cooperating witnesses who implicated Cain, the fruits of the execution of a search warrant that connected Cain to four "baggies" of cocaine stored in a safe, and the results of a chase that culminated with a police officer finding crack cocaine that Cain had attempted to throw away while running away from the police. [*U.S. v. Cain*, 4:06-cr-3014, District of Nebraska, Doc. #75].

Cain presented no evidence since his defense was that even though he may have been involved as a small-time consumer of drugs, there was no conspiracy, and the government's cooperators were exaggerating to help themselves. He argued that the government had established only a "buyer-seller" relationship where Cain was simply a causal consumer. *Id.* Cain was convicted. Following a pre-sentence investigation and sentencing hearing, a 292 month sentence was imposed on Cain.

Cain timely appealed, but the appeal was denied. *U.S. v. Cain*, 487 F.3d 1108 (8th Cir. 2007). The Court of appeal ruled that the 292-month sentence was reasonable within the meaning of *U.S. v. Booker*, 543 U.S. 220 (2005). The Court of Appeal also rejected

---

wanted to present a technical defense that there was no conspiracy, and he was fearful that jury would "receive *delicate information* [and] still not understand what exactly a conspiracy is." (*Doc. #17*) (Emphasis added.) He also believed that a judge would be better able to evaluate the credibility of the cooperating witnesses. (*Id.*) Before accepting Cain's waiver, the judge questioned him under oath and determined that the waiver was knowing, intelligent and voluntary.

Cain's assertion that there was a sentencing disparity because Cain's offense involved crack cocaine. *Id. At 1114 n.2*. Cain filed a petition for writ of certiorari in the United States Supreme Court, which was denied on November 26, 2007. *Cain v. U.S.*, 552 U.S. 1043 (2007).

Petitioner filed a motion to vacate under 28 U.S.C. §2255 in December 2008. He asserted fifteen claims, including (1) that his sentence violated the constitution because it was based upon facts not charged in the indictment, not submitted to a jury, and not proven beyond a reasonable doubt and (2) that the court treated the federal sentencing guidelines as mandatory rather than advisory and did not give sufficient consideration to the factors set forth in 18 U.S.C. §3553(a). In denying the motion, the district judge wrote that the transcript from the sentencing and related documents "are replete with references to my awareness that the Guidelines were advisory and that I was required to examine the statutory goals of sentencing when I exercised my discretion at sentencing." Moreover, the Court of Appeals found that the "district court's sentence was reasonable, per *United States v. Booker*, 543 U.S. 220 (2005)." *U.S. v. Cain*, 437 F.3d at 1115.

Petitioner appealed to the Eighth Circuit Court of Appeals, but after carefully reviewing the original file of the district court, Petitioner's application for a certificate of appealability was denied. [*Cain U.S. v. Cain*, 4:06-cr-3014 Doc. #96]

Petitioner filed for a sentence reduction pursuant to the Crack Cocaine Guideline Amendment, and his sentence was reduced accordingly. The sentence was affirmed by the appellate court, as well.

### *Law and Analysis*

Petitioner seeks *habeas corpus* relief pursuant to the provisions of 28 U.S.C. §2241. *Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). In the petition before the Court, Cain complains about circumstances that occurred prior to or at the time of sentencing. Thus, he seeks to collaterally attack his detention arguing sentencing error. Since Petitioner is contesting errors occurring prior to or at sentencing, and not the manner in which the sentence is being executed, his claim is more appropriately raised in a §2255 Motion to Vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a

4

federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *See Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision that establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. In fact, he presents his claims under *Booker*, and the Eighth Circuit has already evaluated the *Booker* challenge. He has failed to show

5

that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### *Conclusion*

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED for lack of jurisdiction.**

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5Cir. 1996).**

Thus done and signed at Alexandria, Louisiana, this _____ day of August, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE